**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JOSEPH HANSEN,

Plaintiff,

v.

AMERICAN STATES INSURANCE COMPANY,
a/k/a LIBERTY MUTUAL INSURANCE COMPANY.

Defendant.

## NOTICE OF REMOVAL

Defendant American States Insurance Company ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

## INTRODUCTION

1. On July 2, 2018, Plaintiff initiated this action by filing his Complaint in the Denver County District Court, State of Colorado, Case No. 2018CV32460 ("State Action"). *See* Complaint attached as **Exhibit A.**

2. Plaintiff's Complaint asserts two claims for relief against Defendant, including a First Claim for Relief for Breach of Contract and a Second Claim for Relief for Violation of C.R.S. §§10-3-1115/1116.

3. This action arises out of Plaintiff's demand for underinsured motorist coverage as a result of an automobile accident that occurred on January 22, 2105.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On July 25, 2018, Plaintiff served the Colorado Division of Insurance, located at 1560 Broadway, Denver, Colorado, with a Summons and copy of Plaintiff's Complaint.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (attached as **Exhibit B**) and Complaint is attached to this Notice of Removal**.**

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV32460, Denver County District Court, State of Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13.     Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14.     Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15.     Plaintiff is a citizen of the State of Colorado who resides at 3429 East 108th Avenue, Northglenn, CO 80233.  *See* **Exhibit A**, ¶ 2 and p. 6.

16.     Defendant American States Insurance Company is a citizen of the State of Indiana and the State of Massachusetts.  Defendant is incorporated under the laws of the State of Indiana and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.     While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.  The fact that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, is confirmed by the Civil Case Cover Sheet filed by Plaintiff in the State Action, as well as the allegations of Plaintiff's Complaint.

19.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

20.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state

proceeding, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

22. Pursuant to Colo.R.Civ.P. 8(a):  "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.  *See* Colo.R.Civ.P. at Form JDF 601.

23. Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment for more than $100,000 against another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ."  *See* **Exhibit D**, State Court Civil Case Cover Sheet.

24. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties, LLC v. Colorado Casualty Insurance Co., et al.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (". . . at least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock.  *See Henderson v. Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000).  We think that view is sound.  There is no ambiguity in the cover sheet.  And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).").

25. In addition, Plaintiff's Complaint confirms that the amount in controversy exceeds $75,000.  In his Complaint, he states: "Plaintiff's Underinsured Motorist Bodily Injury

coverage benefit is $1,000,000.00.  Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $3,000,000.00 for the Underinsured Motorist Bodily Injury, plus attorney's fees, court costs and statutory interest." *See* **Exhibit A at ¶ 33**. *See also Cox v. Lincoln Nat'l Life,* Civil Action. No. 10—cv—02544—CMA—MEH 2010 WL 5129536, *4 (D. Colo. 2010); *Washington v. American Family,* Civil Action No. 12—cv—02229—REB—KLM 2013 WL 1412327, *2 (D. Colo. 2013).

22. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

23. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant American States Insurance Company requests that the action now pending in the Denver County District Court, Case No. 2018CV32460, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 13th day of August, 2018.

                                                  LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                                  *s/ Lyndsay K. Arundel*
                                                  Lyndsay K. Arundel, Esq.
                                                  1200 17th Street, Suite 3000
                                                  Denver, CO 80202
                                                  Phone:  (303) 623-9000
                                                  E-mail:  larundel@lrrc.com

                                                  *Attorneys for Defendant*
                                                  *American States Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Jordan Levine, Esq.
Andrew J. Phillips, Esq.
Levine Law LLC
4500 Cherry Creek Drive South, Suite 400
Denver, CO 80246
Phone:  (303) 333-8000
Fax:      (303) 333-8005
E-mail:   jordan@levlawllc.com
              andrew@levlawllc.com

*Attorneys for Plaintiff Joseph Hansen*

 

                                                  *s/ Lyndsay K. Arundel*
                                                  Lyndsay K. Arundel, Esq.