DATE FILED: July 2, 2018 3:37 PM
FILING ID: 84D14FC31EB3B
CASE NUMBER: 2018CV32460

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street, Denver, CO 80202 | |
| **Plaintiff:** JOSEPH HANSEN,<br><br>v.<br><br>**Defendant:** AMERICAN STATES INSURANCE COMPANY a/k/a LIBERTY MUTUAL INSURANCE COMPANY. | ▲ Court Use Only ▲ |
| *Counsel for Plaintiffs*:<br>Jordan Levine, No. 23877<br>Andrew J. Phillips, No. 40283<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, Colorado 80246<br>Phone Number:  (303) 333-8000<br>Fax Number:     (303) 333-8005<br>Emails:       jordan@levlawllc.com<br>           andrew@levlawllc.com | Case No.: 18-CV-<br><br>Courtroom: |

## COMPLAINT

**COMES NOW** Plaintiff, Joseph Hansen, by and through his counsel, Levine Law, LLC, and for his Complaint against Defendant, American States Insurance Company a/k/a Liberty Mutual Insurance Company, states and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff, Joseph Hansen, (hereinafter "Plaintiff" and/or "Plaintiff Hansen") is insured under a policy of automobile insurance with Defendant American States Insurance Company a/k/a Liberty Mutual Insurance Company, Policy 06CC08375510. Said insurance policy calls for $1,000,000.00 in Underinsured Motorist Coverage.

2.      At all times relevant hereto, Plaintiff, Joseph Hansen, resided 356 Tripple Parkway, Frederick, Colorado 80530.



EXHIBIT
A

3.      Defendant American States Insurance Company a/k/a Liberty Mutual Insurance Company (hereinafter "Defendant" and/or "Defendant American States"), is an insurance company doing business in the State of Colorado with its principle place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

4.      Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

5.      On or about on January 22, 2015, Plaintiff was driving a 2015 Kenworth T880 with a trailer, which was owned by Steele Structures.  Plaintiff was backing his truck and trailer east across Colorado 25 Frontage Road into a private drive.  As Plaintiff was baking a vehicle being driven by Kimberly Westmoreland struck the side of Plaintiff's truck.  Following the accident Plaintiff moved his truck into the center median.  After the accident Plaintiff exited his truck and walked south across the frontage road.  A vehicle being driven by Lim Adwyn traveling at approximately 40 miles per hour, failed to see Plaintiff crossing the road and struck Plaintiff, throwing Plaintiff approximately 85 feet before landing on the roadway.

6.      Plaintiff notified Defendant American States of the accident.

7.      As a direct and approximate result of Lim Adwyn's negligence and carelessness, Plaintiff sustained severe and permanently disabling bodily injuries, including but not limited to chronic traumatic encephalopathy, dislocated shoulder, fractured tibia and fibula, fractured lumbar vertebra, cuts, abrasions and friction burns, venous embolism and thrombosis of deep vessels of lower extremity, knee sprain, upper arm injury, pain, suffering, loss of enjoyment of life and emotional distress.

8.      As a direct and approximate result of Lim Adwyn's negligence and carelessness, Plaintiff has been forced to incur medical bills for treatment in excess of $300,000.00 and will continue to incur additional medical bills in the future.

9.      As a direct and approximate result of Lim Adwyn's negligence and carelessness, Plaintiff has sustained physical impairment.

10.      As a direct and approximate result of Lim Adwyn's negligence and carelessness, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity.

11.      At all times relevant to this action, Lim Adwyn had automobile liability insurance with Geico Insurance with policy limits of $300,000.00.

12.      On or about October 25, 2016, Geico Insurance paid Lim Adwyn's policy limits of $300,000.00 in full settlement of Plaintiff's claims against Lim Adwyn arising from the January 22, 2015 automobile accident.

13.      Plaintiff received permission from Defendant to enter into the above-reference $300,000.00 settlement with Lim Adwyn.

2

14.     At all times relevant to this action, Plaintiff was covered under an underinsured motorist insurance policy issued by Defendant that provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) (2007) in the amount of $1,000,000.00.

15.     At all times relevant hereto and at the time of the accident, all of the premiums with Defendant American States were paid and were/are current.  The subject insurance policy was in full force and effect at this time of the accident.

16.     Upon information and belief, there are no mandatory arbitration provision(s) contained in the insurance policy with Defendant American States.

17.     Defendant American States is a for profit insurance company actively doing business in the State of Colorado, including in the City and County of Denver.

18.     This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the City and County of Denver, State of Colorado as the place where Defendant American States conducts business and where its Registered Agent is located.

19.     Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

20.     Plaintiff incorporates paragraphs 1 through 19 above as though fully set forth herein.

21.     Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant under which Plaintiff is covered.

22.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

23.     To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

24.     At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

25.     Defendant has breached its contract with Plaintiff by denying any insured motorist benefits under the policy.

26.     As a direct and approximate result of Defendant's breach of contract, Plaintiff has incurred damages in the amount to be proved at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Violation of §10-3-1115, and §10-3-1116 C.R.S.A. – Defendant American States)

27.     Plaintiff incorporates paragraphs 1 through 26 above as though fully set forth herein.

28.     The purpose of the Uninsured/Underinsured Motorist Statute, C.R.S. §10-4-609, *et seq.*, is to enable an insured to obtain compensation from his/her automobile liability or motor-vehicle liability insurer for a loss resulting from negligent conduct of an uninsured or underinsured motorist that is equal to the compensation obtainable for the negligent conduct of a properly insured motorist.

29.     Insurance carriers owe their insureds a duty of good faith and fair dealing, are required to abstain from deceptive or misleading practices, and must keep, observe and practice the principles of law and equity in all dealings with their insureds.  See C.R.S. §§10-1-101, 10-3-1113.

30.     Colorado statutes identify unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including, but not limited to the following:

a.  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issues (C.R.S. §10-3-1104(h)(I)).

b.  Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy (C.R.S. §10-3-1104(h)(III)).

c.  Refusing to pay claims without conducting a reasonable investigation based upon all available information (C.R.S. §10-3-1104(h)(IV)).

d.  Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (C.R.S. §10-3-1104(h)(VI)).

e.  Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (C.R.S. §10-3-1104(h)(VII)).

f.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (C.R.S. §10-3-1104(h)(XIV)).

31.     Additionally, Colorado law prohibits an insurance carrier from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant (C.R.S. §10-3-1115(1)(a)), including a first-party claimant of uninsured and/or underinsured motorist insurance benefits.

32.     Pursuant to Colorado Law, specifically Colorado Revised Statutes §10-3-1115 and §10-3-1116, where an insurer acts on a first party claim with delay or denial, the insured has an additional civil action for statutory bad faith against the insurer. Pursuant to these statutes, the insured is thus further entitled to recover attorney's fees, court costs, statutory interest, the covered benefit and double the times the amount of each of the covered benefit as a monetary penalty in a Colorado District Court action.  Defendant is responsible pursuant to C.R.S. §§10-3-1115 and 1116 for its failure to timely pay and is responsible under said statutes as its failure to pay the undisputed uninsured motorist portion.

33.     Plaintiff's Underinsured Motorist Bodily Injury coverage benefit is $1,000,000.00. Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $3,000,000.00 for the Underinsured Motorist Bodily Injury, plus attorney's fees, court costs and statutory interest.

34.     Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a.  Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b.  Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover reasonable attorney fees, court costs, plus two times the amount of each first party covered benefit; and

c.  For actual damages, attorneys' fees, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

DATED this _2_ day of July, 2018.

**LEVINE LAW, LLC**

Signed original document maintained and available
pursuant to Rule 121

*/s/   Andrew J. Phillips, Esq.*

Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Attorneys for Plaintiff

**Plaintiff's Address:**
3429 East 108th Avenue
Northglenn, CO 80233